**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5376

CARDELL WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-95-8-BO)

Submitted: December 5, 1995

Decided: March 6, 1996

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Randy L. Havlicak, Special Assistant United States Attorney,
Fort Bragg, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cardell Williams pleaded guilty to driving while impaired and fleeing the scene of an accident at Fort Bragg, North Carolina, in violation of N.C. Gen. Stat. §§ 20-138.1, 20-166(c) (1993). Because Williams's conduct occurred on a federal installation, it constituted a federal crime under the Assimilative Crimes Act, 18 U.S.C.A. § 13 (West Supp. 1995) ("ACA"). The magistrate judge sentenced Williams to serve one year on probation.

Approximately six months later, Williams's probation was revoked, and the magistrate judge sentenced him to serve thirty days in prison followed by nine months of supervised release. The district judge affirmed the sentence. Williams appeals, contending that the ACA only permits a federal court to impose a sentence that is "like" the state punishment for the crime, that North Carolina law does not provide for supervised release, and that his supervised release sentence therefore violated the ACA.

Though North Carolina's sentencing scheme did not provide for supervised release at the time Williams committed the offense, it did authorize parole. N.C. Gen. Stat. § 15A-1371 (1988). As we have recently held, supervised release is similar to parole and thus "like punishment" for the purposes of the ACA. United States v. Pierce, ___ F.3d ___, No. 95-5323 (4th Cir. Jan. 26, 1996).

Because Williams's sentence of incarceration plus a term of supervised release did not violate the ACA's requirement that he be subject to "like punishment," we affirm the district court's order affirming the magistrate judge's revocation of probation and imposition of sentence. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3